ANITA RALIS, Respondent, v DINO A. RALIS, Appellant. — In a proceeding for support under Family Court Act article 4, Dino Ralis appeals from an order of the Family Court, Queens County (Gilman, J.), dated April 4, 1984, which directed that he pay petitioner the sum of $250 per week.

Order affirmed, with costs.

We find no merit to appellant's claim that the stipulation of settlement of his Supreme Court counterclaim to impress a constructive trust (which stipulation, *inter alia,* required him to pay petitioner Anita Ralis, his wife, the sum of $250 per week for "maintenance and alimony") barred her present Family Court support proceeding (*see,* Family Ct Act § 463). The record shows that at the time that stipulation was made, her Supreme Court divorce action had been dismissed, appellant's divorce counterclaim therein had been withdrawn, and the settlement was of appellant's counterclaim to impress a constructive on two properties which ownership he had placed in her name. Further, in opposition to his wife's subsequent motion for "summary judgment in lieu of complaint" in a follow-up Supreme Court action by her to enforce his "support" payment obligation under that constructive trust stipulation of settlement, appellant averred that he "verily believed that when Justice Buschmann dismissed Plaintiff's divorce action against me I had no further obligation for her support".

The latter clearly undercuts appellant's present contention that the stipulation of settlement was akin to a separation agreement providing for her support and thus under Family Court Act § 463 she may not maintain the subject support proceeding in the Family Court absent a showing that she was likely to become in need of public assistance or care.

The evidence in the present support proceeding shows that the parties are still married, that appellant has failed to support petitioner and that in view of her needs and his financial ability, the order under review was properly made and should be affirmed. Lazer, J. P., Mangano, Gibbons and Rubin, JJ., concur.